IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WBL SPO I, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 25-1642 |
| | ) |
| REVIVE PITTSBURGH REAL ESTATE, LLC | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Presently before the Court is Plaintiff's Motion for Remand and Request for Award of Attorney's Fees Pursuant to 28 U.S.C. § 1447. (Docket No. 15). The motion has been fully briefed and is ready for disposition. For the reasons set forth herein, Plaintiff's Motion shall be GRANTED.

**I.   Procedural Background**

Defendant initially lodged with this Court its Notice of Removal along with its Motion to Proceed in Forma Pauperis ("Motion for IFP") on October 21, 2025. (Docket Nos. 1, 4). That filing also contained the underlying Complaint in Mortgage Foreclosure that had been filed nearly three years earlier on or about August 10, 2022 in the Court of Common Pleas of Allegheny County, Pennsylvania. (Docket No. 4-2). This Court granted the Motion for IFP on October 24, 2025, and Defendant's Notice of Removal was docketed that same day. (Docket Nos. 10, 13). Also on October 24, 2025, this Court issued an Order pursuant to 28 U.S.C. § 1447(b) directing Defendant to file on the docket all documents previously filed in the Court of Common Pleas of Allegheny County, Pennsylvania, and to Show Cause why this action should not be remanded to the Court of Common Pleas for failure to remove it within 30 days pursuant to 28 U.S.C. § 1446(b). (Docket

1

No. 11). The Court separately ordered that Plaintiff file any motion to remand by November 18, 2025 (Docket No. 12), which comports with the 30-day deadline provided by 28 U.S.C. § 1447(c). Plaintiff timely filed its Motion to Remand on November 6, 2025. (Docket No. 15). The next day, November 7, 2025, Defendant filed its "Rationale for Federal Court Jurisdiction to Continue" in response to the Court's Show Cause Order. (Docket No. 17). Defendant also filed certain documents from the Common Pleas Court's docket. (Docket Nos. 18, 19, 20, 21). Then, on November 20, 2025, Defendant filed its Response in Opposition to Plaintiff's Motion for Remand.[1] (Docket No. 22).

## II. Plaintiff's Complaint and Proceedings in the Court of Common Pleas

Plaintiff's single-count Complaint in the Court of Common Pleas of Allegheny at Case No. GD-22-009987 seeks a judgment in mortgage foreclosure on Defendant's property located at 134 Ange Drive, Pittsburgh, Pennsylvania, in the amount of $101,043.11 as of August 10, 2022, together with all costs, including attorney's fees, and interest. (Docket No. 4-2 at 7). The sole basis of this contractual cause of action is a $90,000 loan made to Defendant and the associated Mortgage, Assignment of Leases and Rents and Security Agreement, Amendment of Business

---

[1] In accord with this Court's Order dated January 23, 2026 (Docket No. 29), Plaintiff filed a Supplement to its Moton to Remand to Substantiate Plaintiff's Attorneys' Fees and Costs (Docket No. 30).

Separately, on January 5, 2026, Defendant's counsel filed a Suggestion of Death representing that her client's sole member and CEO, Lynne Lamar Thompson, had died on December 31, 2025. (Docket No. 23). That same day, Defendant's counsel also filed a Motion to Stay (Docket No. 24) to which Plaintiff filed a Response in Opposition. (Docket No. 27). Defendant filed an untimely Reply on January 23, 2026. (Docket No. 28). The basis of Defendant's Motion for Stay is that counsel purports she no longer has a client representative to direct litigation strategy and authorize filings, among other duties, until a lawful representative is appointed through estate administration. (Docket No. 24, ¶¶ 2-3). As an aside, the Court is sympathetic to Attorney Spragin who has kept the Court abreast of developments involving Ms. Lamar Thompson's funeral and her efforts towards facilitating estate administration. However, and as set forth above, this Court does not need anything further from Defendant or Defendant's counsel to adjudicate the Motion for Remand. No prejudice will befall upon any party by proceeding to disposition of that motion, particularly where this Court's jurisdiction *vel non* is at issue, whereas Plaintiff could be prejudiced by the requested stay, particularly one of an indeterminate length. Accordingly, Defendant's Motion for Stay will be denied.

Promissory Note and Security Agreement, and subsequent Assignment of Mortgage (collectively, the "Mortgage") pertaining to the property at 134 Ange Drive. (*Id*. at 4-7).

Upon review of the docket and filings from the Court of Common Pleas[2], it is readily apparent that the Complaint was originally filed on August 11, 2022, that Defendant's counsel entered an appearance and filed an Answer and New Matter on December 2, 2022, that Plaintiff filed a Motion for Summary Judgment on May 13, 2024 with an hearing date scheduled for August 26, 2024 before Common Pleas Judge Mary McGinley, and that such motion was granted and judgment entered in favor of Plaintiff in the amount of $202,216.33 on August 27, 2024. Then, on August 30, 2024, Defendant filed an Emergency Motion for Reconsideration and Judge McGinley scheduled a hearing for that motion on September 9, 2024. Judge McGinley denied that motion and Defendant subsequently filed a Motion to Stay Execution of Judgment and Sherriff's Sale of Property on October 4, 2024, followed by an *Ex Parte* Motion for Stay of Sherriff Sale and to Strike the Judgment on November 27, 2024. Thereafter, Common Pleas Judge Alan Hertzberg ordered postponement of the sheriff's sale.

On December 17, 2024, Defendant once again filed a Motion for Reconsideration of Summary Judgment and Judge McGinley scheduled argument for January 29, 2025. Shortly before that scheduled argument, Defendant filed a Motion for Continuance and Judge McGinley denied that motion. Despite doing so, Judge McGinley subsequently continued the hearing date

---

[2] Notably, Defendant did not supply the entirely of documents from the Common Pleas Court as directed by this Court's Order dated October 24, 2025, though Defendant did file something entitled "Notice of Defendant's Filing of the Motion to State Court to File the Record send to Fed Court", (Docket No. 14), which seemingly requested the Common Pleas Court to transfer "all documents, filings, and records associated with this case" to this Court's docket. This Court knows of no legal obligation of the Prothonotary (or others) of the Allegheny County Court of Common Pleas to abide by such request, and further notes that Defendant never complied with this Court's Order to file such documents itself. Nonetheless, Plaintiff helpfully supplied what appears to be the docket and certain filings, along with several other criminal and civil dockets and news articles related to Ms. Lamar Thompson in its attached 205-page Exhibit to its Motion. (Docket No. 15-3).

for argument until February 14, 2025 due to illness of Defendant's counsel. Then, by Opinion and Order of Court dated February 25, 2025, Judge McGinley vacated the prior grant of summary judgment and entry of judgment and cancelled the sheriff's sale. On March 17, 2025, Defendant filed an "Amended Answer with Counter-claim." In addition to the parties' pleadings, discovery ensued and certain discovery-related motions were also filed.

On September 15, 2025, Plaintiff once again filed a Motion for Summary Judgment. Judge McGinley attempted to schedule argument for this motion and rescheduled. Judge McGinley ultimately reschedule argument for October 21, 2025 and granted Defendant's counsel permission to participate remotely. However, Defendant filed its Notice of Removal on the day of the scheduled argument, so Judge McGinley cancelled the argument.

As noted above, presently pending before this Court is Plaintiff's Moton to Remand (Docket No. 15), along with Defendant's Motion to Stay Proceedings Due to the Death of its Sole Member (Docket No. 24), which it filed in conjunction with its Suggestion of Death (Docket No. 23).

**III.   Discussion**

Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Federal district courts also have original jurisdiction over civil actions that arise under the United States Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A civil action initially filed in state court that meets either of these criteria may be removed to federal court pursuant to 28 U.S.C. § 1441.

The removal procedures are found in 28 U.S.C. § 1446. A defendant desiring to remove a civil action from state court to federal court shall file a notice of removal in the appropriate federal

district court within 30 days of receipt of the initial pleading or within 30 days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).  The notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id.* (quoting H.R. Rep. No. 100-889, at 71 (1988) (additional quotation marks omitted)) (alterations in original).

    A party may file a motion to remand the case following the filing of a notice of removal. 28 U.S.C. §1447.  Such a motion filed "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Brown v. Francis,* 75 F.3d 860, 864-65 (3d Cir.1996), *quoting Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985). *See also Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1992). Thus, a removing defendant bears a heavy burden to persuade the court to which the state action was removed that it has jurisdiction under

the removal statutes. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97-98 (1921); *See also Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied,* 498 U.S. 1085 (1991); *UPMC Presby Shadyside v. Motel Hotel Assocs., Inc.*, No. 06-CV-1323, 2006 WL 3484316, at *1 (W.D. Pa. Nov. 30, 2006). "[A]ll doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (internal citation omitted), *cert. dismissed sub nom. American Standard, Inc. v. Steel Valley Auth.*, 484 U.S. 1021 (1988).

Plaintiff timely filed its Motion for Remand on November 6, 2025, contending that Defendant's Notice of Removal was untimely, and that removal is barred by both the Forum-Defendant Rule and the Well-Plead Complaint Rule. (Docket No. 15). This Court agrees.

    A.    Defendant's Notice of Removal is Untimely

As set forth above, Defendant was required to file its Notice of Removal within 30 days of receipt of the initial pleading or within 30 days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Here, Defendant proceeded to litigate the matter in the Court of Common Pleas for nearly three years before filing its Notice of Removal on the morning of October 21, 2025, the very day on which Judge McGinley had reschedule argument for Plaintiff's then-pending Motion for Summary Judgment. Defendant long beforehand had filed an Answer and New Matter to Plaintiff's Complaint on December 2, 2022, and then filed an Amended Answer to Plaintiff's Complaint with Counter-claim on March 17, 2025. There is no dispute that Defendant filed its Notice of Removal more than 30 days after it received Plaintiff's Complaint as is required by 28 U.S.C. § 1446(b). Defendant's attempt to remove this action to this Court is untimely.

To overcome its untimeliness, Defendant contends that the summary judgment motion filed by Plaintiff "revealed for the first time that the claims and defenses implicate federal statutes and regulations," including the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. (Docket No. 17, p. 4). To the contrary, however, Plaintiff's Summary Judgment Motion primarily focused on establishing that there are no material facts in dispute and that it is entitled to judgment *on its mortgage foreclosure claim* as a matter of law. (Docket No. 18, ¶¶ 1-9). The motion additionally contends that Defendant's "alleged affirmative defenses and counterclaims are unfounded because they are not supported by any facts whatsoever." (*Id.*, ¶ 10). Nothing in Plaintiff's motion identifies or addresses *any* federal claim. (*Id.*). The only express references to federal statutes are found in Defendant's Amended Answer and Counterclaim (Docket No. 21) and in its briefing submitted to this Court pertaining to Plaintiff's pending Motion to Remand. There is nothing in Plaintiff's Summary Judgment Motion from which Defendant may have ascertained that there is a federal question that would permit removal. Even so, Plaintiff's Summary Judgment Motion had been filed on September 15, 2025, yet Defendant's Notice of Removal was not filed until October 21, 2025, which, yet again, is well beyond the 30 day deadline set forth in 28 U.S.C. § 1446(b)(3).

Finally, Defendant contends that this 30 day deadline for removal is procedural and thus is waivable. Even so, Plaintiff did not waive that statutory requirement as evidenced by timely filing its Motion for Remand in accordance with 28 U.S.C. § 1446 (a) and (b).

Based upon the foregoing, removal is untimely.

B. The Forum-Defendant Rule Precludes Removal

Defendant attempts to invoke this Court's subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). However, a civil case that would be otherwise

removable based on diversity of citizenship is not removable if any defendant is "a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). *See also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."); *Target Corp. v Frederick Mut. Ins. Co.*, 302 F.Supp.3d 695, 699 (2018). Here, Defendant is a Pennsylvania limited liability company (whose sole member was a Pennsylvanian)[3] (Docket No. 6) and thus is a citizen of the forum State, Pennsylvania, and therefore is precluded from removal based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). *See* U.S.C. § 1441(b)(2).

   C.  The Well-Pleaded Complaint Rule Precludes Removal

Defendant alternatively attempts to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331, contending that this action arises under the United States Constitution, laws, or treaties of the United States. To determine whether an action involves such a federal question, the Court limits its inquiry to the Plaintiff's cause of action and does not consider Defendant's answer, defenses, or counterclaims. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002) (refusing to consider a patent law counterclaim in determining whether federal question jurisdiction existed). This "well-pleaded complaint rule" provides that "federal jurisdiction exists only when a federal question is presented on the face of the [plaintiff's] properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987) (citing *Gully v.*

---

[3] Defendant's Notice of Removal is devoid of any averments indicating where its sole member, Lynne Lamar Thompson, resides or is domiciled to discern Defendant's State of citizenship. (Docket No. 4-4). Defendant's Disclosure Statement filed pursuant to Fed. R. Civ. P. 7.1(a)(2) and Local Rule 7.1 likewise neglects to disclose Ms. Lamar Thompson's citizenship, which, as Defendant's sole member, would be attributed to Defendant for the purpose of evaluating whether complete diversity exits pursuant to 28 U.S.C. § 1332. (Docket No. 6). Even so, there appears to be no dispute that Ms. Lamar Thompson was from Allegheny County, Pennsylvania.

*First Nat'l Bank*, 299 U.S. 109, 112-13 (1936); *see also Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974).

Here, Plaintiff's Complaint solely states a claim for mortgage foreclosure under Pennsylvania law. (Docket No. 4-2). *See* Pa. R. C.P. 1141-1150; *Fleet Real Estate Funding Corp. v. Smith*, 530 A.2d 919, 923 n.3 (Pa. Super. 1987). References to federal law, namely the TILA and RESPA, are found in Defendant's Answer and New Matter (Docket No. 15-3, pp. 7-16), and in its Amended Answer with Counterclaim, alleging a RESPA and TILA counterclaims among others. (*Id.*, pp. 35-50). However, Defendant's counterclaims are not to be considered when evaluating whether Plaintiff's action is "arising under" a federal law. To do so would violate the long-established well-pleaded complaint rule. Removal is barred on this basis, too.

### D.  Attorney's Fees

Plaintiff requests an award of attorney's fees and costs associated with the remand pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). Fees and costs are generally awardable in the discretion of the Court "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Based upon a review of the record in its entirely and as set forth herein, it is palpably evidence that Defendant had no objectively reasonable basis for seeking removal and ostensibly did so to avoid or delay a hearing on Plaintiff's motion for summary judgment. Removal was untimely and violated several clear and long-established legal requirements for doing so. It is noteworthy that Defendant filed the Notice of Removal on the very day the parties were scheduled for oral argument on a dispositive motion pending in the Court of Common Pleas. An award of

fees and costs here is justified against both Defendant and Defendant's counsel, jointly and severally.

In calculating the fee award, this Court applies the lodestar method, multiplying a reasonable hourly billing rate for the lawyers' services by the reasonable number of hours expended. *League of Women Voters of Pa. v. Comm. of Pa.*, 921 F.3d 378, 387 (3d Cir. 2019), citing *In re AT&T Corp.*, 455 F.3d 160, 164 (3d Cir. 2006). Plaintiff submits invoices and a pre-bill indicating that it incurred attorneys' fees in the amount of $6,824 and costs in the amount of $315.35 based on hourly rates of $280 - $300 per hour, for a total amount of $7,139.35. (Docket No. 30-2). Upon a detailed review of Plaintiff's invoices and pre-bill, this Court concludes that the hourly rates are customary and reasonable and that most of the services performed are reasonable in amount and relate to Defendant's removal and Plaintiff's Motion for Remand.[4] Therefore, the Court awards fees and costs to Plaintiff in the amount of $6,047.35.

## IV.   Conclusion

For the foregoing reasons, Plaintiffs' Motion for Remand shall be granted. The Court shall remand this action to the Court of Common Pleas of Allegheny County, Pennsylvania. The Court shall also order an award of attorneys' fees and costs to be satisfied by Defendant and its counsel, Lydia Evelyn Spragin, Esq., jointly and severally.

An Order consistent with this Memorandum Opinion follows.

---

[4] There are two "block billed" entries for services performed on October 21, 2025 that encompass work related to preparation for oral argument on the summary judgment motion in the Court of Common Pleas, along with work related to Defendant's Notice of Removal and the subsequently filed Motion to Remand. (Docket No. 30-2, p. 2). Because worked performed in relation to the oral argument in Common Pleas Court is not "incurred as a result of the removal" pursuant to 28 U.S.C. § 1447(c), such fees are not awardable here. Furthermore, the block-billed entries commingle recoverable fees with nonrecoverable fees and this Court cannot discern which portions of these entries are recoverable on the present record and therefore will disallow both entries in their entirety. Therefore, the total value of these unrelated services is $1,092 based upon 3.9 hours billed at $280 per hour, which will be subtracted from the total requested amount of $7,139.35 for an award of $6,047.35. This Court offers no opinion as to whether such unrecoverable fees are recoverable in the Court of Common Pleas upon remand.

/s/ **_W. Scott Hardy_**
W. Scott Hardy
United States District Judge

Dated: February 3, 2026

cc/ecf: All counsel of record